UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------

| | | |
|---|---|---|
| TRUSTEES OF THE LOCAL 806 STRUCTURAL STEEL AND BRIDGE PAINTERS OF GREATER NEW YORK EMPLOYEE TRUST FUNDS and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY INSURANCE FUND and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY ANNUITY FUND and THE STRUCTURAL STEEL AND BRIDGE PAINTERS OF GREATER NEW YORK LOCAL UNION NO. 806, | ) ) ) ) ) ) ) ) | Index No.: 19-CIV-9899 |
| | ) | COMPLAINT |
| Plaintiffs, | ) | |
| -against- | ) ) | |
| P. S. BRUCKEL, INC. and PETER S. BRUCKEL, Individually and DARWIN NATIONAL ASSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

--------------------------------------------------------------------

Plaintiffs, Trustees of the Local 806 Structural Steel and Bridge Painters of Greater New York Employee Trust Funds and Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (hereinafter referred to as the "Funds") (collectively referred to as "Plaintiffs") and the Structural Steel and Bridge Painters of Greater New York Local Union No. 806, (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## NATURE OF THE ACTION AND JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

1

2.  Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)) and 28 U.S.C. Section 1367; and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3.  Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4.  This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required fringe benefit contributions and/or reports to the Plaintiffs in a timely fashion and to permit and cooperate in the conduct of an audit. This action also involves the breach of a contract by a surety to remit the required fringe benefit contributions to the Plaintiffs.

## PARTIES

5.  The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)).  The Funds are established and maintained by the Union and various Employers pursuant to the terms of Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).  Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union.  The Funds are authorized to collect fringe benefit contributions on behalf of the employees and the Plaintiffs' Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement and the Policy for Collection of Delinquent Contributions (hereinafter referred to as "the Policy")  that concerns the protection of employee benefit rights.

7. The Funds are also the collecting agent for the Labor –Management Cooperation Initiative and National Finishing trades Institute, Political Action Together – Political Committee, and the Industry Promotion Funds.

8. The Funds' maintain an office for the transaction of business at 595 West Hartsdale Avenue, White Plains, NY 10607, in the County of Westchester.

9. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

10. The Union brings this action for dues check-off and other contributions owed pursuant to the Agreement.

11. The Union maintains an office for the transactions of business at 595 West Hartsdale Avenue, White Plains, NY 10607, in the County of Westchester.

12. Upon information and belief, the Defendant, P.S. Bruckel, Inc. (hereinafter referred to as "Corporate Defendant" or "Employer") at all relevant times, was and/or is an "employer" within the

3

meaning of Sections 3(5), (11) and (12) and 515 of ERISA (29 U.S.C. Sections 1002(5), (11) and (12) and (1145) and was and/or still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185). Corporate Defendant is an Employer of employees covered by employee benefit plans and multiemployer plans maintained pursuant to the Agreement, all as defined in ERISA 3(3) and (37) and is obligated to make contributions to the plans in accordance with ERISA Section 515, 29 U.S.C. Section 1145.

13. Upon information and belief, the Corporate Defendant was and/or is a for-profit domestic corporation with its principal place of business 2697 Lakeville Road, Avon, NY 14414, in the County of Livingston.

14. Upon information and belief, the Defendant, Peter S. Bruckel (hereinafter referred to as "Individual Defendant") is the principal owner of the Corporate Defendant and, at all times relevant herein, maintains an address at 5339 West Lake Road, Geneseo, NY 14454 in the County of Livingston.

15. Upon information and belief, Defendant, Darwin National Assurance Company (hereinafter referred to as "Darwin" or the "Surety") is an insurance company duly authorized and licensed to issue insurance policies under the laws of the State of New York and having an address for business at 30 S. 17th Street, Suite 810, Philadelphia, PA, in the County of Philadelphia.

16. Upon information and belief, the Individual Defendant exercises control over the activities and operations of the Corporate Defendant and determines whether or not Corporate Defendant makes contributions to the Funds.

17. Corporate Defendant and Individual Defendant are parties in interest with respect to the Plans as defined in ERISA Section 3(14)(H) 29 U.S.C. Section 1002(14)(H) and the Corporate Defendant and Individual Defendant act directly as an employer and/or indirectly in the interest of an employer in relation to the Plans, all as defined in ERISA Section 3(5) 29 U.S.C. Section 1002(5).

tp navigation

18.  To the extent that Corporate Defendant and Individual Defendant exercised authority and/or control with respect to the management or disposition of assets of an ERISA covered plan, they are fiduciaries within the meaning of ERISA Section 3(21)(A) 29 U.S.C. Section 1002(21)(A).

## BACKGROUND

### A.  Agreement between P.S. Bruckel, Inc. and the Union

19.  Upon information and belief and at all relevant times, Peter Bruckel on behalf of P.S. Bruckel, Inc. and individually executed an Agreement with the Union, with respect to which the Funds are third-party beneficiaries. Attached as Exhibit A is a copy of pertinent parts of the Collective Bargaining Agreement.

20.  The Agreement requires that the Employer, among other things, remit fringe benefit contributions to the Funds in a timely fashion for work performed within the trade and geographical jurisdiction of the Union. The Agreement also obligates the Employer to report how many hours were worked by its employees within the jurisdiction of the Union.

21.  The Agreement and/or Policy requires the Employer to submit reports to the Funds and to furnish its books and records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

22.  Pursuant with the Agreement, the Employer shall provide security to the Funds for the faithful performance by it of the requirements under the Agreement for the payment of fringe benefit contributions. The Employer did provide security in the form of a Bond issued by Defendant Darwin effective March 23, 2015 in the sum of $200,000.00 under Bond No. S001-1076.

## CAUSES FOR RELIEF AS AND FOR A FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT

23.  Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "22" of this Complaint as if fully set forth at length herein.

24. The Agreement and/or Policy requires the Corporate Defendant to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement.

25. Upon information and belief, as a result of work performed by the individual employees of the Corporate Defendant pursuant to the Agreement, there became due and owing to the Funds from the Corporate Defendant fringe benefit contributions.

26. The Corporate Defendant and the Individual Defendant have failed and refused to remit to the Funds and Union those reports and fringe benefit contributions due and owing under the Agreement and in accordance with the Policy for the period January 1, 2013 through to and including December 31, 2015 in the minimum principal amount of $153,978.41.

27. The amount described in Paragraph 26 above is due and owing to the Funds and Union and is based upon three audits that were conducted by the Funds' Office.

28. The failure, refusal or neglect to remit the proper contributions and reports to the Plaintiffs constitutes a violation of the Agreement between the Corporate and Individual Defendant and the Union wherein the Funds are third party beneficiaries.

29. Pursuant to the Agreement and the Policy upon the Corporate Defendant's and the Individual Defendant's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of two percent (2%) above prime per annum and liquidated damages at the rate of twenty percent (20%) of the delinquent contributions. In addition, if enforcement or collection procedures

6

shall be commenced against an employer, such employer shall be required to pay the reasonable cost of

expenses including attorney's fees, court costs and disbursements.

30. Accordingly, pursuant to the Agreement, the Employer is liable to Plaintiffs in the minimum

amount of $153,978.41 in unpaid contributions, plus interest, liquidated damages, auditors' fees,

attorneys' fees, court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

31. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1"

through "30" of this Complaint as if fully set forth at length herein.

32. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit

contributions in accordance with the terms and conditions of the Agreement.

33. The Defendants have failed to pay or timely pay the fringe benefit contributions and/or submit

the contribution report to Plaintiffs owed as a result of work performed by individual employees of the

Corporate Defendant. Such failure to make timely payment constitutes a violation of Section 515 of

ERISA (29 U.S.C. Section 1145).

34. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer

violation of Section 515 of ERISA (29 U.S.C. Section 1145), which requires employers to pay fringe

benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the

Court shall award payment to a plaintiff fund the unpaid fringe benefit contributions plus interest and

liquidated damages on the unpaid principal amount due, together with attorneys' fees, court costs and

disbursements incurred in the action.

35. The failure to pay has injured the participants of the plan who were taxed on certain

contributions that they did not receive and has injured Funds by delaying the investment of contributions

and causing unnecessary administrative costs for the Funds and has injured the participants and

beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and potentially higher contribution amounts.

36. Accordingly, the Corporate Defendant and Individual Defendant are liable to Plaintiffs under the Agreement and any Policy concerning the payment of fringe benefit contributions and late charges and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

37. Accordingly, the Corporate Defendant and Individual Defendant are liable to the Funds and Union in the minimum principal amount of $153,978.41 in unpaid contributions, plus liquidated damages, interest, auditors' fees, attorneys' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

38. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "37" of this Complaint as if fully set forth at length herein.

39. Pursuant to the Agreement and the Policy, the Corporate Defendant is required to permit and cooperate with the Funds and/or their designated agents or representatives in an audit of the Employer's financial records for the purpose of ascertaining whether the full amount of benefit contributions have been made to the Funds as required under the Agreement and to verify the accuracy of the Employer contribution reports.

40. The Employer has failed and refused to allow an audit by the Funds for the period January 1, 2016 through to and including December 31, 2018.

41. The Employer's failure, refusal or neglect to allow an audit constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries as well as a violation of the Policy.

42.  Pursuant to the Agreement and the Policy upon the Employer's failure to cooperate with an audit then the entire amount of the Employer's bond shall apply and pay the same to the Funds to the credit of the Employer.

43.  Accordingly, the Employer must permit and cooperate in the conduct of an audit by the Plaintiffs and is liable to Plaintiffs for benefit contributions found due and owing pursuant to an audit and in accordance with the Agreement will also be liable for liquidated damages, interest, auditors' fees, attorneys' fees, court costs and disbursements.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

44. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "43" of this Complaint as if fully set forth at length herein.

45.  In accordance with ERISA Section 209, 29 U.S.C. 1059 the Employer is responsible for maintaining the books and records sufficient to allow the Funds to conduct an audit and its failure to do so constitutes a violation of ERISA.

46. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of Collective Bargaining Agreements and Trust Indentures.

47. An employer who has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the employer constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

48. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145), which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of Collective Bargaining Agreements, the Court shall award payment to a plaintiffs' fund the unpaid fringe benefit contributions, plus interest

9

and liquidated damages on the unpaid principal amount due, together with auditors' fees, attorneys' fees, court costs and disbursements incurred in this action.

49. The failure to permit an audit has injured the Funds by delaying the investment of contributions that are found due pursuant to the audit and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

50. Accordingly, the Employer is liable to Plaintiffs under the Agreement and Policy concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059, 1132 and 1145) due to the failure to permit an audit and pay the contributions that are due and owing.

51. Accordingly, the Employer must permit and cooperate in the conduct of an audit and is liable to the Funds in an amount to be determined by the audit which shall include liquidated damages, interest, auditors' fees and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A FIFTH CLAIM FOR RELIEF
## AGAINST PETER S. BRUCKEL, INDIVIDUALLY

52. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" 29 U.S.C. Section 1104 (a)(1)(A).

54. ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are

10

consistent with Federal Law, 29 U.S.C. Section 1104(a)(1)(D).

55. As a result of the work performed by Corporate Defendant under the Agreement, Individual Defendant, upon information and belief, received substantial sums of money related to the work performed, which intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

56. By exercising control over assets belonging to the Funds, the Individual Defendant is a fiduciary with respect to the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. Section 1002(21)(A).  The Individual Defendant is a fiduciary with respect to the plan assets that they failed to timely pay into the Funds.

57. Upon information and belief, Individual Defendant owned, controlled and dominated the affairs of the Corporate Defendant and carried on the business of the Corporate Defendant for her own personal ends.

58. Upon information and belief, Individual Defendant had managerial discretion and control over Corporate Defendant, made all decisions on behalf of the Corporate Defendant, signed contracts governing the Corporate Defendant, signed bank checks for the Corporate Defendant, and made all decisions concerning payments by the Corporate Defendant.

59. Upon information and belief, Individual Defendant determined which creditors the Corporate Defendant would pay, determined when the Plaintiffs' Funds would be paid, determined how much money would be paid to the Plaintiffs' Funds, and exercised control over money due and owing to the Plaintiffs' Funds.

60. Upon information and belief, Individual Defendant commingled assets of the Plaintiffs' Funds with the Corporate Defendant's general assets and used the Plaintiffs' Funds' assets to pay other creditors of the Corporate Defendant rather than forwarding the assets to the Plaintiffs' Funds.

61.  The Policy states, in pertinent part, contributions are considered assets of the respective Funds and become vested plan assets when they become due from the Employer, whether or not they have been paid to the Funds, and title to all money paid to or due and owing the Funds vests and exclusively remains in the Trustees of the Funds. The Employer shall have no legal or equitable right, title or interest in or to any sum paid by or due from the Employer.

62. By failing and refusing to turn over to the Plaintiffs' Funds the contributions, which are property of the Funds, Individual Defendant has converted the property of the Funds.

63. Upon information and belief, while retaining Plaintiffs' Funds' contributions, Individual Defendant diverted the Plaintiffs' Funds' assets for her own personal use.

64. By withholding contributions from the Plaintiffs' Plans, Individual Defendant is individually and personally liable for the violations of ERISA Section 404 described herein, 29 U.S.C. Section 1104.

65. By withholding the contributions from the Plaintiffs' Funds, Individual Defendant received and retained for her own personal use and benefit monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. Section 1104(a)(1)(A) and caused the employees monetary damages by the employees being taxed on benefit contributions they did not receive.

66. By withholding the contributions from the Plaintiffs' Funds, Individual Defendant failed to abide by the instruments governing the Funds in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. Section 1104(a)(1)(D).

67. As a result of the breaches of fiduciary duty described above, Individual Defendant is liable to the Funds for the amounts set forth herein, which include contributions, interest, liquidated damages and the costs and fees of collection and Individual Defendant must singly and jointly disgorge to the Funds said converted assets.

12

## AS AND FOR A SIXTH CLAIM FOR RELIEF

68. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "67" of this Complaint as if fully set forth at length herein.

69. Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit, 29 U.S.C. Section 1106(a)(1)(A) and (B). Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account, 29 U.S.C. Section 1106(b)(1) - (3).

70. At all times relevant herein, Corporate Defendant and Individual Defendant were parties in interest with respect to the Plaintiffs' Funds because they were fiduciaries, employers, or owners within the meaning of ERISA Section 3(14)(A),(C) and (E), 29 U.S.C. Section 1002(14)(A), and (E).

71. By withholding the contributions from the Plaintiffs' Funds, Corporate Defendant and Individual Defendant dealt with plan assets in their own interest and/or exchanged property or extended credit from plan assets for their own personal use and benefit in violation of ERISA Sections 406(a) and (b), 29 U.S.C. Section 1106(a) and (b).

72. By retaining assets of the Plaintiffs' Funds for their own use, Corporate Defendant and Individual Defendant as fiduciaries have breached the fiduciary obligations owed to the Plaintiffs' Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. Section 1101 et seq.

73. The Corporate Defendant and Individual Defendant are singly and jointly and individually liable to make restitution to the Funds in the amounts as are set forth herein, no part of which has been paid.

74. As a result of the breaches of fiduciary duty described above, Corporate Defendant and

Individual Defendant are liable to the Plaintiffs' Funds for the amounts set forth herein, which include contributions, interest, liquidated damages, and the costs and fees of collection.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
## AGAINST DARWIN NATIONAL ASSURANCE COMPANY

75. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "74" of this Complaint as if fully set forth at length herein.

76. Corporate Defendant executed a Bond to Funds bearing Bond Number S001-1076. The Bond was issued, in relevant part to this action, to guarantee payment to the Funds for benefit contributions.

77. On or about August 14, 2019, after the 2015 audit of the books and records of the Employer was completed, a formal request was made to the Surety requesting the proceeds of the Bond due to the failure of the Corporate Defendant to remit the proper benefit fund contributions to the Funds during the relevant period.

78. In accordance with the Agreement, the Surety is also liable to the Funds for the Employer's failure to allow an audit for the audit period 2016, 2017 and 2018.

79. The Surety by its failure to pay on the Bond has injured the participants of the plan who were taxed on certain contributions that they did not receive and has injured the Funds and Union by delaying the investment of contributions and causing unnecessary administrative costs to the Funds and have injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and potentially higher contribution amounts.

80. Accordingly, the Surety is liable to the Funds for the proceeds of the bond in the minimum amount of $200,000.00.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF

81. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs

"1" through "80" of this Complaint as if set forth at length herein.

82. Pursuant to ERISA and the Agreement, the Employer is required to timely submit current fringe benefit contributions, and reports to Plaintiffs.

83. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendants, P.S. Bruckel, Inc. and Peter S. Bruckel, Individually and Darwin National Assurance Company, as follows:

On the First and Second Claims for Relief against P.S. Bruckel, Inc. and Peter S. Bruckel, Individually:

(a)   In the minimum sum of $153,978.41, representing fringe benefit fund contributions for the period January 1, 2013 through to and including December 31, 2015 plus interest, liquidated damages, auditors' fees, attorneys' fees, court costs and disbursements all in accordance with the Trade Agreement and the Policy for Collection of Delinquent Contributions.

On the Third and Fourth Claim for Relief:

(b)   An Order requiring the Corporate Defendant to permit and cooperate in an audit of the Defendant's books and records by the Plaintiffs or its agents for the period January 1, 2016 through to and including December 31, 2018;

(c)   For a Judgment against the Defendants for any monies found due and owing as a result of the audit of Defendant's books and records which shall include the principal amount due, plus interest calculated at 2% percent above prime per annum from the date of the delinquency, liquidated damages calculated at 20% percent of the principal amount found due, auditors' fees and attorneys' fees as provided for in the Trade Agreement and/or Trust Indenture and/or Policy for Collection of Delinquent Contributions;

(d)   For a Judgment on the Bond in the sum of $200,000.00;

(e)   Court costs and disbursements as stated in Plaintiffs' Policy for Collection of Delinquent Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the Trade Agreement; and

On the Fifth Claim for Relief against Peter S. Bruckel, Individually:

(f)     In the minimum sum of $153,978.41 representing fringe benefit contributions for the period January 1, 2013 through December 31, 2015 plus interest, liquidated damages, and attorney's fees and court costs and disbursements.

On the Seventh Claim for Relief against Darwin National Assurance Company:

(g)     For the proceeds of the Bond in the minimum sum of $200,000.00.

(h)     Court costs, attorney fees and disbursements incurred in the processing of this lawsuit

On the Eighth Claim for Relief against P.S. Bruckel, Inc. and Peter S. Bruckel, Individually:

(i)     Damages in the amount of any additional contributions and/or delinquency charges, which may become due and owing during the course of the instant action, which amount shall include the principal plus interest and liquidated damages.

On all Claims for Relief:

(j)     For such other and further relief as to the Court deems appropriate.

Dated:  Elmsford, New York
       October 25, 2019                   Respectfully submitted,

                                       BARNES, IACCARINO & SHEPHERD LLP

                                       *Dana L. Henke*

                                       Dana L. Henke, Esq.
                                       Attorneys for Plaintiffs
                                       258 Saw Mill River Road
                                       Elmsford, New York 10523
                                       (914) 592-1515